**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| GREGGORY J. PEARSON, <br> Appellant, | DOCKET NUMBER <br> DC-0842-14-0256-I-1 |
| v. | |
| OFFICE OF PERSONNEL <br> MANAGEMENT, <br> Agency. | DATE: January 23, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Greggory J. Pearson, Washougal, Washington, pro se.

Kristine Prentice, Washington, D.C., for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1    The appellant has filed a petition for review of the initial decision, which remanded the case for issuance of an Office of Personnel Management (OPM) reconsideration decision within 120 days.  For the reasons discussed below, we VACATE the initial decision and DISMISS this appeal for lack of jurisdiction.

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

The appellant may file a new appeal with the Washington Regional Office when OPM issues a reconsideration decision, or if OPM fails to issue a reconsideration decision within 45 days of this Order.

¶2      The appellant is a retired federal employee.  Initial Appeal File (IAF), Tab 3 at 7.  He filed this appeal in December 2013, alleging that OPM erroneously calculated his monthly retirement benefits under the Federal Employees' Retirement System.  IAF, Tab 1.  Specifically, he alleged that OPM incorrectly relied upon a calculation of his high-3 salary that had been adversely affected by the employing agency's conversion of his salary from the National Security Personnel System back to the General Schedule.  *Id*.  Prior to his appeal, OPM had issued a letter to the appellant in December 2013, stating that the calculation of his retirement was based upon salary information from his employing agency and that, if he disagreed with this salary information, he should contact the agency.  IAF, Tab 3 at 5.  The December 2013 letter did not inform the appellant of any reconsideration rights.  *Id*.

¶3      In response to this appeal, OPM argued that the Board lacks jurisdiction because OPM had not issued a reconsideration decision.  IAF, Tab 6 at 4.  During a conference call with the administrative judge in March 2014, OPM stated that it, however, was prepared to issue a reconsideration decision.  IAF, Tab 16.  The administrative judge issued an initial decision remanding the appeal to OPM for the issuance of a reconsideration decision within 120 days of the date of the initial decision.  IAF, Tab 21, Initial Decision at 3.

¶4      On petition for review, the appellant argues, inter alia, that he should not have to wait for OPM to issue a reconsideration decision.  Petition for Review (PFR) File, Tabs 1, 5.  OPM responds that the only question with respect to the appellant's retirement is whether the employing agency correctly reported the

appellant's salary to OPM and this question cannot be answered in the context of the appeal.[2]  PFR File, Tab 4 at 8.

¶5      The Board generally lacks jurisdiction to hear appeals of a retirement matter where, as here, OPM has not issued a reconsideration decision.  *See Ramirez v. Office of Personnel Management*, 114 M.S.P.R. 511, ¶ 7 (2010).   Because the Board lacks jurisdiction, this appeal must be dismissed.

## ORDER

Accordingly, we VACATE the initial decision and dismiss this appeal for lack of jurisdiction.  The appellant may file a new appeal with the Washington Regional Office when OPM issues a reconsideration decision, or if OPM fails to issue a reconsideration decision within 45 days of this Order.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

This is the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request the United States Court of Appeals for the Federal Circuit to review this final decision.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

---

[2] The appellant has requested leave to file additional documents.  PFR File, Tab 8. Given our disposition in this case, we DENY the appellant's request.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for your court appeal, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the court. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.